**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:07CV-11-S**

**KAREN JONES**                                                                                                           **PLAINTIFF**

**v.**

**CABINET FOR FAMILIES AND CHILDREN** *et al.*                                              **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, Karen Jones,[1] filed a *pro se* complaint (DN 1) and amendment (DN 6). Because Plaintiff is proceeding *in forma pauperis*, the Court must screen this action before service on Defendants pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff has sued the following individuals and entities: Cabinet for Families and Children, Commonwealth of Kentucky, Shameka Rivers, Mr. Birdwhistle, State Cabinet for Children, Lisa Carrao, Mrs. Quarters, Meyzeek Middle School, Jefferson County Public Schools, Tony Helm, Child Protective Services, Child Protective Services Hotline, Sandra Miller, Louisville Metro Police, Shaniece Mack, and Dionne McCase.[2]

The Court is uncertain whether the amended complaint was intended to replace or merely

---

[1] Plaintiff lists only herself as a plaintiff in the caption of the complaint and amended complaint. In the bodies, however, Plaintiff indicates that the following individuals are also plaintiffs: Cara Strader, Corey Jones, Asia Strader, Arbrianna Young, Julia Fletcher, and Leroy Jones. Pursuant to Fed. R. Civ. P. 10(a) the caption of the complaint "shall include the names of all parties." Because Karen Jones is the only plaintiff listed in the caption of the complaint, the Court considers her to be the only plaintiff in this action.

[2] Plaintiff includes summonses for a number of additional individuals/entities. Again, however, only those listed in caption are parties to this action. *See* Fed. R. Civ. P. 10(a).

supplement Plaintiff's original complaint. Giving the *pro se* litigant the benefit of the doubt, the Court will address the allegations asserted in each.

In her original complaint, Plaintiff states as follows:

The grounds for filing this case is about racial discrimination and national origin. Harassment on behalf of Meyzeek Middle School and the State Cabinet for Children. Allegations are being made about me and its deformation [sic] of character.

CPS is constantly harassing me. On several occasions they claim that someone is calling the abuse line on my children. One time they had me under investigation due to wanton endangerment of a child. I've asked on several occasion for the proper authorities to be notified because the calls aren't making little to any sense. My children have been removed from my home and placed in the system, they were removed from relations in another state. The CPS worker Shameka Rivers had lied continuously under oath about me severely beating my kids. This is about the sixth time that someone has accused me of doing wrong and trying to get me rigged in the system.

In her amended complaint, Plaintiff states as follows:

[The grounds for filing this case are] false clause, deformation [sic], libel, harassment, emotional distress, pain and suffering, discrimination (racism, classism), negligence, invasion of privacy, and violation of my family constitutional and civil rights.

CPS has continuously harassed my family. I have had several untrue allegations brought against me at least six times in the last year. On one occasion someone called the hotline accusing me of killing one of my children. At that time I asked the assigned worker for the state's attorney's office so that I can pursue charges on the accusser. They refused to handle the situation in a proper manner and brushed me off. Months later another call came in [and] instead of notifying me, they are going behind my back and doing spiteful things. My kids are complaining because they are fed up with the constant questioning and lies that are being said. I've also had caseworkers falsely prepare documents in order to remove them for retaliation. My children was removed three states away from my grandparents without the proper authorities looking into the case that was bogus from the beginning.

As relief Plaintiff seeks: 1) "to resolve whatever problem this establishment has with me;" 2) "stop racial profiling and constant harassment;" 3) "pass a bill to legislation about

criteria for removing children from the home in a professional manner;" 4) "hold all parties accountable for this reckless behavior;" 5) punitive damages; 6) attorneys' fees and costs; and 7) a separate trial on liability and damages.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e)(2); *McGore*,114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the Court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)(citation omitted), and the Court

3

is not required to create a claim for the *pro se* Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.  ANALYSIS

**A.**     **Claims Against Child Protective Services and Defendant Rivers**

The only Defendants mentioned by name in the body of Plaintiff's complaint/amended complaint are Child Protective Services ("CPS")  and its employee Rivers. As such, the Court will first address those claims.

Although not so specified by Plaintiff, because Plaintiff alleges claims of discrimination against an agency of the Commonwealth of Kentucky and one of its employees, the Court construes this action as being brought under 42 U.S.C. § 1983. *Thomas v. Shipka*, 818 F.2d 496, 500 (6th Cir. 1987), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989) ("[I]t is unnecessary and needlessly redundant to imply a cause of action arising directly under the Constitution where Congress has already provided a statutory remedy of equal effectiveness through which the plaintiff could have vindicated her constitutional rights.").

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001).

Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

As for the first element, the Court finds that Plaintiff has not sufficiently articulated any federal constitutional claim. While Plaintiff uses the term "discrimination," she has failed to identify her race and national original or explain how she has been treated differently than other similarly situated persons.

Even if Plaintiff had properly pled a discrimination claim against Defendants CPS and Rivers, however, Plaintiff's claim would still fail to the extent that it seeks relief from CPS and damages against Defendant Rivers in her official capacity.[3] The Eleventh Amendment of the United States Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or subjects of any foreign State." U.S. Const. amend. XI. Accordingly, by the clear language of the Amendment, a lawsuit against a state cannot proceed in federal court. The Supreme Court has also ruled that the Eleventh Amendment bars suits not only against the state but also against a state's departments, regardless of the type of relief sought, whether injunctive, declaratory, or monetary. *Pennhurst v. State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100-01 (1984); *Seminole Tribe of Florida v. Florida,*

---

[3]Plaintiff fails to specify in which capacity she sues Defendant Rivers. It is a plaintiff's affirmative duty, however, to plead capacity. *Wells v. Brown*, 891 F.2d 591, 593 (6th Cir. 1989). When a plaintiff fails to affirmatively plead capacity in the complaint, we then look to the "course of proceedings" to ascertain whether the defendant has been notified of the potential for individual liability. *Moore v. City of Harriman*, 272 F.3d 769, 773 (6th Cir. 2001). In the present case, the complaint is devoid of any indication that Defendant Rivers is sued in her individual capacity. Accordingly, the Court construes the complaint as brought against Defendant Rivers in her official capacity only.

517 U.S. 44, 58-59 (1996); *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) (holding that neither a state nor its agencies are "persons" susceptible to being sued under 42 U.S.C. § 1983). The Sixth Circuit has adopted this approach. *See Dubuc v. Mich. Bd. of Law Exam'rs*, 342 F.3d 610, 615 (6th Cir. 2003) (holding that Michigan Board of Bar Examiners and Michigan Bar are state agencies because they are arms of the Michigan Supreme Court; therefore, they are entitled to Eleventh Amendment immunity from suit in federal court). The same bar applies to Plaintiff's official capacity claims for damages against Defendant Rivers. When an officer or employee of a governmental agency is sued in her representative capacity, the officer's or employee's actions are afforded the same immunity, if any, to which the agency, itself, would be entitled. *Richardson v. Bd. of Educ.*, No. 3:04-CV-386R, 2006 U.S. Dist. LEXIS 68748 (W.D. Ky. Sept. 22, 2006) (citing *Will*, 491 U.S. at 67). Thus, like CPS, Defendant Rivers has absolute immunity from damages claims under the Eleventh Amendment to the United States Constitution. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity.").

### B.     Remaining Defendants[4]

Plaintiff fails to mention the remaining defendants in the body of her complaint. The Court's duty to construe a *pro se* complaint liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing each defendant with fair notice of the basis of the claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). The

---

[4]These Defendants are: Cabinet for Families and Children, Commonwealth of Kentucky, Mr. Birdwistle, State Cabinet for Children, Lisa Carrao, Mrs. Quarters, Meyzeek Middle School, Jefferson County Public Schools, Tony Helm, Child Protective Services Hotline, Sandra Miller, Louisville Metro Police, Shaniece Mack, and Dionne McCase.

complaint must contain more than bare legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). To state a claim for relief the plaintiff must allege how each defendant was personally involved in the acts about which the plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375 (1976).

Neither the complaint nor the amended complaint contain any allegations of fact that specifically address the remaining Defendants. They are simply listed in the caption. Absent allegations of their personal involvement in the incidents about which Plaintiff complains, the complaint fails to state any claims for relief against them.

**C.     State Law Claims**

To the extent that Plaintiff is seeking to pursue any state-law causes of action against any of the Defendants, the Court declines to exercise supplemental jurisdiction over those claims. Section 1367(c) of Title 28 of the United States Code provides, in pertinent part, as follows: "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having dismissed all federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims. 28 U.S.C. § 1367(c)(3). Consequently, the state-law claims will be dismissed without prejudice.

The Court will enter an Order consistent with this Memorandum Opinion.

Date:

cc:     Plaintiff, *pro se*

4411.008